UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.:

KYLE GOLD,

    Plaintiff,

v.

RESTORE FORCE, INC. d/b/a WISEMAN
CUSTOM HOMES; RFI COMPANIES, INC.;
and WHITNEY WISEMAN,

    Defendants.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Kyle Gold ("Plaintiff"), by and through undersigned counsel, brings this Complaint for Copyright Infringement against Defendants Restore Force, Inc. d/b/a Wiseman Custom Homes ("Wiseman Custom Homes"), RFI Companies, Inc. (collectively, "RFI"), and Whitney Wiseman ("Wiseman") (all collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1. This action arises out of, and has been necessitated by, Defendants knowing and willful infringement of Plaintiff's federally registered copyright pursuant to 17 U.S.C. § 501.

2. Defendants have willfully, intentionally, and repeatedly infringed upon Plaintiff's copyrighted works, despite Plaintiff having warned Defendants to cease and desist their conduct.

3. Accordingly, Plaintiff has been forced to file this lawsuit to protect his intellectual property rights and recover damages for Defendants' egregious behavior.

1

## PARTIES

4. Plaintiff is an individual citizen and resident of Martin County, Florida and is otherwise *sui juris*.

5. Defendant Restore Force, Inc. is a corporation organized and existing under the laws of the State of Florida. Restore Force, Inc.'s principal place of business is located at 700 Commerce Way W., Jupiter, Florida 33458. Wiseman Custom Homes is a d/b/a of Restore Force, Inc.

6. Defendant RFI Companies, Inc. is a corporation organized and existing under the laws of the State of Florida. RFI Companies, Inc.'s principal place of business is also located at 700 Commerce Way W., Jupiter, Florida 33458.

7. Defendant Wiseman is an individual citizen and resident of Palm Beach County, Florida and is otherwise *sui juris*.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101 *et seq.*

10. Defendants are subject to the personal jurisdiction of this Court because Defendants reside and are incorporated in this jurisdiction, transacts business in this jurisdiction, derives substantial revenue or engages in a persistent course of conduct in this jurisdiction, the acts and events out of which this action arises occurred and are continuing to occur in this jurisdiction, and/or Defendants have otherwise established contacts within this jurisdiction making the exercise of personal jurisdiction proper.

11. Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(b) and (c) in that Defendants are residents and citizens of this Judicial District, because RFI's principal place of business and headquarters are in this Judicial District and events out of which this action arises occurred and are continuing to occur in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

12. RFI provides water, mold and fire remediation services to Palm Beach and Martin Counties.[1]

13. Wiseman Custom Homes is a d/b/a of Restore Force, Inc. which purports to be the "Next Generation of Custom Home Builders."[2]

14. RFI is owned and controlled by Wiseman and the mother of Wiseman's children, Alexis Jacobs ("Jacobs"). Wiseman is listed as RFI's President/CEO. Jacobs is listed as RFI's COO.

15. RFI was hired to perform a renovation of a single-family residence located at 6879 SE South Marina Way, Stuart, Florida 34996 (the "Property").

16. After completion of the renovation at the Property, Plaintiff hired Living Proof Real Estate Photography LLC ("Living Proof") to photograph the Property for purposes of commercial use.

17. Plaintiff obtained all right, title, and interest in and to the photographs from Living Proof (the "Works"), including all copyrights.

18. Plaintiff is the copyright owner of the Works, which include the original works known as:

---

[1] *See https://restoreforce.com/about-us/*
[2] *See https://www.wisemancustomhomes.com/*

> Marina House -1, Marina House -2, Marina House -3, Marina House -4,
> Marina House -5, Marina House -6, Marina House -7, Marina House -8,
> Marina House -9, Marina House -10, Marina House -11, Marina House -12,
> Marina House -13, Marina House -14, Marina House -15, Marina House -16,
> Marina House -17, Marina House -18, Marina House -19, Marina House -20,
> Marina House -21, Marina House -22, Marina House -23, Marina House -24,
> Marina House -25, Marina House -26, Marina House -27, Marina House -28,
> Marina House -29, Marina House -30, Marina House -31, Marina House -32,
> Marina House -33, Marina House -34, Marina House -35, Marina House -36,
> Marina House -37, Marina House -38, Marina House -39, Marina House -40,
> Marina House -41, Marina House -42, Marina House -43, Marina House -44,
> Marina House -45, Marina House -46, Marina House -47, Marina House -48,
> Marina House -49, Marina House -50, Marina House -51, Marina House -52,
> Marina House -53, Marina House -54, Marina House -55.

19. Plaintiff has complied in all respects with 17 U.S.C. § 101 *et seq.* and has secured exclusive rights in the Works and has received his copyright registration in the Works from the Copyright Office in accordance with its rules and regulations. A true and correct copy of the Certificate of Registration from the U.S. Copyright Office is attached here as **Exhibit A.**

20. Defendants began unlawfully using, copying, distributing, publicly displaying, and providing unauthorized access to the Works on their respective websites and social media platforms beginning in 2024 despite having no permission to do so.

21. On or about October 11, 2024, Plaintiff issued a cease and desist letter to Defendants regarding Defendants' infringement of the Works (the "First Cease and Desist Letter") which is attached hereto as **Exhibit B.**

22. On or about October 16, 2024, Defendants' construction lawyer responded to Plaintiff's First Cease and Desist Letter which is attached hereto as **Exhibit C.**

23. Defendants then continued unlawfully using, copying, distributing, publicly displaying, and providing unauthorized access to the Works on their respective websites and social media platforms which resulted in a second cease and desist letter being sent by Plaintiff on October 25, 2024 (the "Second Cease and Desist Letter") which is attached hereto as **Exhibit D.**

24. Defendants disregarded Plaintiff's First and Second Cease and Desist Letters and continued using, copying, distributing, publicly displaying, and providing unauthorized access to the Works through their respective websites and social media platforms without permission to do so.

25. By using, copying, distributing, publicly displaying, and providing unauthorized access to the Works, Defendants are engaging in copyright infringement.

26. Accordingly, Defendants have infringed and are infringing the copyright in the Works by unlawfully reproducing and distributing the Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 et seq.

27. Defendants' infringements were and are willful, in bad faith, and executed with full knowledge of Plaintiff's copyright, and in conscious disregard for Plaintiff's exclusive rights in the Works.

28. Defendants' deliberate infringement of Plaintiff's copyright has irreparably damaged Plaintiff, and Defendants will continue to damage Plaintiff irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

29. Plaintiff has been forced to retain undersigned counsel to pursue this lawsuit and are entitled to attorneys' fees and costs.

## COUNT I
**Copyright Infringement against Restore Force, Inc. (d/b/a Wiseman Custom Homes)**

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff is the valid copyright owner of the Works.

32. Plaintiff registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Plaintiff is currently and at all relevant times has been the sole proprietor of all rights, title, and interest in and to the copyrights of the Works.

34. Plaintiff has not authorized Restore Force, Inc. (d/b/a Wiseman Custom Homes) to reproduce, distribute, prepare derivative works, or publicly display the Works or any portion thereof.

35. Restore Force, Inc. (d/b/a Wiseman Custom Homes) has willfully infringed and is willfully infringing on Plaintiff's copyright in the Works by reproducing, displaying, distributing, and creating derivative works of the Work, including, but not limited to on its website and social media accounts, without permission in violation of the Copyright Act, 17 U.S.C. § 106.

36. For example, Plaintiff is aware that Restore Force, Inc. (d/b/a Wiseman Custom Homes) has reproduced, displayed, distributed, and created derivative works of the Work, including, but not limited to, the following:





37. Upon information and belief, Restore Force, Inc.'s (d/b/a Wiseman Custom Homes) infringement is not limited to these instances—the full extent of which will be revealed through discovery.

7

38. Restore Force, Inc.'s (d/b/a Wiseman Custom Homes) infringement was willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard of Plaintiff's exclusive rights in the Works because Restore Force, Inc. (d/b/a Wiseman Custom Homes) knew it did not have any right or license to reproduce the Works.

39. By reason of the infringement, Plaintiff has sustained and will continue to sustain injury, loss, and damage to its ownership rights in the copyrighted Works.

40. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Restore Force, Inc. (d/b/a Wiseman Custom Homes), its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Restore Force, Inc. (d/b/a Wiseman Custom Homes), including but not limited to RFI Companies, Inc., Wiseman, and Jacobs, from engaging in further acts of copyright infringement.

41. Plaintiff is further entitled to recover from Restore Force, Inc. (d/b/a Wiseman Custom Homes) the gains, profits, and advantages Restore Force, Inc. (d/b/a Wiseman Custom Homes) has obtained as a result of copyright infringement.

42. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

43. Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

44. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Restore Force, Inc. (d/b/a Wiseman Custom Homes) will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from the Works.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Restore Force, Inc. (d/b/a Wiseman Custom Homes) as follows:

A.  For a preliminary and permanent injunction enjoining and restraining Restore Force, Inc. (d/b/a Wiseman Custom Homes) and all persons acting in concert with Restore Force, Inc. (d/b/a Wiseman Custom Homes) from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the Works, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Restore Force, Inc.'s (d/b/a Wiseman Custom Homes) possession or control;

B.  For a preliminary and permanent injunction enjoining and restraining Restore Force, Inc. (d/b/a Wiseman Custom Homes) and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's copyrights.

C.  For actual damages, punitive damages, and Restore Force, Inc.'s (d/b/a Wiseman Custom Homes) profits to be determined at trial, plus interest;

D.  For statutory damages of $150,000.00 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E.  For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

F.  For such other and further relief as the Court deems just and proper.

## COUNT II
### Copyright Infringement against RFI Companies, Inc.

45. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

46. Plaintiff is the valid copyright owner of the Works.

47. Plaintiff registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

48. Plaintiff has not authorized RFI Companies, Inc. to reproduce, distribute, prepare derivative works, or publicly display the Works or any portion thereof.

49. RFI Companies, Inc. has willfully infringed and is willfully infringing on Plaintiff's copyright in the Works by reproducing, displaying, distributing, and creating derivative works of the Works, including, but not limited to on its social media accounts, without permission in violation of the Copyright Act, 17 U.S.C. § 106.

50. For example, Plaintiff is aware that RFI Companies, Inc. has reproduced, displayed, distributed, and created derivative works of the Works, including, but not limited to, the following:



51.     Based upon information and belief, RFI Companies, Inc.'s infringement is not limited to these instances—the full extent of which will be revealed through discovery.

52.     RFI Companies, Inc.'s infringement was willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard of Plaintiff's exclusive rights in the Works because RFI Companies, Inc. knew it did not have any right or license to reproduce the Works.

53. By reason of the infringement, Plaintiff has sustained and will continue to sustain injury, loss, and damage to its ownership rights in the copyrighted Works.

54. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining RFI Companies, Inc., its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with RFI Companies, Inc., including but not limited to Restore Force, Inc. (d/b/a Wiseman Custom Homes) Wiseman, and Jacobs, from engaging in further acts of copyright infringement.

55. Plaintiff is further entitled to recover from RFI Companies, Inc. the gains, profits, and advantages RFI Companies, Inc. has obtained as a result of copyright infringement.

56. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

57. Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

58. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, RFI Companies, Inc. will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from the Works.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against RFI Companies, Inc. as follows:

A. For a preliminary and permanent injunction enjoining and restraining RFI Companies, Inc. and all persons acting in concert with RFI Companies, Inc. from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the Works, and to destroy and certify to the Court such destruction or deliver to the Court

for destruction or other reasonable disposition all such materials and means for producing same in RFI Companies, Inc.'s possession or control;

B.  For a preliminary and permanent injunction enjoining and restraining RFI Companies, Inc. and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's copyrights.

C.  For actual damages, punitive damages, and RFI Companies, Inc.'s profits to be determined at trial, plus interest;

D.  For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E.  For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

F.  For such other and further relief as the Court deems just and proper.

## COUNT III
### Copyright Infringement against Wiseman

59. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 as if fully set forth herein.

60. Plaintiff is the valid copyright owner of the Works.

61. Plaintiff registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

62. Plaintiff has not authorized Wiseman to reproduce, distribute, prepare derivative works, or publicly display the Works or any portion thereof.

63. Wiseman has willfully infringed and is willfully infringing on Plaintiff's copyright in the Works by reproducing, displaying, distributing, and creating derivative works of the Works, including, but not limited to on his companies and/or personal social media accounts, without permission in violation of the Copyright Act, 17 U.S.C. § 106.

64. For example, in addition to the examples above, Plaintiff is aware that Wiseman has reproduced, displayed, distributed, and created derivative works of the Works, including, but not limited to, the following:



65. Based upon information and belief, Wiseman's infringement is not limited to this instance—the full extent of which will be revealed through discovery.

66. Wiseman's infringement was willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard of Plaintiff's exclusive rights in the Works because Wiseman knew it did not have any right or license to reproduce the Works.

67. By reason of the infringement, Plaintiff has sustained and will continue to sustain injury, loss, and damage to its ownership rights in the copyrighted Works.

68. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Wiseman, his agents, employees, representatives, assigns, and all persons acting in concert with Wiseman, including but not limited to RFI and Jacobs, from engaging in further acts of copyright infringement.

69. Plaintiff is further entitled to recover from Wiseman the gains, profits, and advantages Wiseman has obtained as a result of copyright infringement.

70. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

71. Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

72. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Wiseman will continue its course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from the Works.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Wiseman as follows:

A. For a preliminary and permanent injunction enjoining and restraining Wiseman and all persons acting in concert with Wiseman from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the Works, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Wiseman's possession or control;

B.      For a preliminary and permanent injunction enjoining and restraining Wiseman and his agents, servants, employees, attorneys, and all persons acting in concert and participation with him from infringing upon Plaintiff's copyrights.

C.      For actual damages, punitive damages, and Wiseman's profits to be determined at trial, plus interest;

D.      For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E.      For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505; and

F.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all claims so triable.

DATED: October 24, 2025.

                                              Respectfully submitted,

                                              */s/ Andrew T. Sarangoulis*
                                              Andrew T. Sarangoulis, Esq. (FL Bar No. 1002608)
                                              BURR & FORMAN LLP
                                              200 East Broward Boulevard, Suite 1020
                                              Fort Lauderdale, FL 33301
                                              Telephone: (954) 414-6200
                                              Facsimile: (954) 414-6201
                                              Email: asarangoulis@burr.com
                                              Email: rzamora@burr.com
                                              *Counsel for Plaintiff*

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
KYLE GOLD

## DEFENDANTS
RESTORE FORCE, INC. d/b/a WISEMAN CUSTOM HOMES, RFI COMPANIES, INC., and WHITNEY WISEMAN

**(b)** County of Residence of First Listed Plaintiff: Martin County, Fl
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Palm Beach County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew T. Sarangoulis, Esq. (Fla. Bar No. 1002608) BURR & FORMAN LLP 200 E. Broward Blvd., Suite 1020 Ft. Lauderdale, FL 33301 Telephone: (954) 414-6222 Facsimile: (954) 414-6201 Email: asarangoulis@burr.com Email: rzamora@burr.com

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ■ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
■ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ■ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Acts | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ■ NO   b) Related Cases ☐ YES ■ NO
JUDGE:                                                 DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 501
LENGTH OF TRIAL via 4-5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ■ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                                         SIGNATURE OF ATTORNEY OF RECORD
October 24, 2024                             /s/Andrew T. Sarangoulis

**FOR OFFICE USE ONLY : RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**   **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
              Brief Description: Unauthorized reception of cable service

**VIII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.